UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REBECCA J. COLLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:06-CV-280 |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Rebecca Collier brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On September 27, 2007, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 36.) Collier filed a motion and a supplemental motion to recover attorney fees in the amount of $5,268.85 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 38, 48.) The Commissioner, however, opposes Collier's fee request, arguing that its litigation position was "substantially justified." (Docket # 43.) For the reasons set forth herein, Collier's motion will be DENIED.

### I.  LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security, and thus he is automatically substituted for Jo Anne B. Barnhart as the Defendant in this case. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 864; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II.  DISCUSSION

In its Order, the Court reversed and remanded the Commissioner's decision, concluding that the ALJ erred in assessing the credibility of Collier's symptom testimony. (Order 18-22.) The Commissioner, however, argues that it was substantially justified in defending the ALJ's decision to discount the credibility of Collier's complaints because "although the ALJ did not articulate sufficiently his reasons for finding that the Plaintiff had exaggerated her intellectual

dysfunction, and that her poor work history made her less credible, the record evidence provided the Commissioner with a valid basis for believing substantial evidence supported the ALJ's credibility finding." (Def.'s Resp. to Pl.'s Mot. for an Award of Atty's Fees Pursuant to the Equal Access to Justice Act ("Def.'s Resp.") 5.)  The Commissioner reviewed various medical, vocational, and activities evidence it contends supported its basis for defending the ALJ's evaluation, and maintained that "a court should look to the entirety of the government's position rather than its position on any specific issue." (Def.'s Resp. 5-6.)  The Commissioner's arguments are ultimately persuasive.

First, though the Court did determine that the ALJ's reasons for discounting Collier's credibility were inadequately articulated (Order 19-22), the ALJ nevertheless *did* indeed engage in a credibility analysis.[2]  As a result, the ALJ's credibility determination in this instance is more analogous to that addressed in *Cunningham*, 440 F.3d at 865, in which the Seventh Circuit Court of Appeals concluded that the government's position regarding the ALJ's credibility determination was substantially justified "even though the ALJ was not as thorough in his analysis as he could have been," *id*., and inapposite to that in *Golembiewski*, 382 F.3d at 724, in which the Court of Appeals found that the Commissioner's position was not substantially justified because the "the ALJ's decision contained *no* discussion of credibility," *id*. (emphasis

---

[2] More particularly, the ALJ made the following credibility determination:

> Here [Collier] has presented with complex and exaggerated complaints of physical and emotional distress, and intellectual dysfunction that are inconsistently portrayed in the record.  Her poor work history does not improve her credibility.  Her remarkable domestic circumstance implies considerable concentration, strength, and determination that are inconsistent with the mental status about which she complains.  Accordingly, both the claimant's testimony and the opinion of professionals who have founded their evaluation upon the claimant's reportage are not reliable and cannot be accorded weight for persuasion.

(Tr. 30.)

3

added).  *See also Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("[Given that] the level of articulation required is far from precise," the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified.").[3]

Furthermore, though insufficient standing alone to affirm the ALJ's credibility determination, the Court acknowledged that the ALJ's reasoning with respect to Collier's daily activities was better supported than the rest of his rationale, noting that he penned at least five paragraphs on the subject.  (Order 21.)  Consequently, in making a global assessment, as we are required to do, we believe the Commissioner was reasonable in defending a decision that discounted Collier's own portrayal of her impairments.  *See generally Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ."); *Stein*, 966 F.2d at 320 ("'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action."); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified.").

---

[3]Collier, in her Reply Brief, points out that *Stein* does not adopt a per se rule that precludes EAJA fees whenever the error is inadequate articulation.  (Reply Br. 1, citing *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006).)  Our determination that the Commissioner's position was substantially justified is not based on any per se rule, but we simply note, as both *Stein* and *Conrad* do, that failure "to meet the articulation requirement *[does] not mandate* a finding that the government's position was not substantially justified[,]" *Conrad*, 434 F.3d at 991 (emphasis added), and analogize this case with *Cunningham*, 440 F.3d 862, which, as *Conrad* points out, "is a proper use of our precedent."  *Conrad*, 434 F.3d at 991.  ("Any reliance on *Stein* as establishing . . . a per se rule [that precludes attorney's fees whenever the alleged error is the failure to articulate] would be erroneous, but the district court does not in fact rely on any such per se rule, instead merely analogizing this situation with the one presented in *Stein*.  That is a proper use of our precedent.").

In his decision, the ALJ concluded that Collier's subjective complaints were not fully credible because, among other things, "[t]he results of the reading exam do not support the claimant's allegations that she can only read at the third grade level." (Tr. 33.) This assessment was "patently wrong" because "the record does not reflect that Collier specifically alleged that she could only read at the third grade level; instead, Collier simply alleged that she had a learning disability, and indeed, it was Dr. Hiatt's evaluation that actually pegged her academic scores between a third and sixth grade level." (Order 20.) However, the Seventh Circuit Court of Appeals has specifically stated that "being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action[,]" *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996), and here, the ALJ provided other reasons for discrediting Collier, that is, an inconsistency between her complaints of debilitating limitations and her ability to engage in a wide variety of daily living activities that amount to more than minimal self care. *Cf. Golembiewski*, 382 F.3d at 724 (finding the Commissioner's position not substantially justified where "the ALJ's decision contained no discussion of credibility and . . . failed to apply the factors for evaluating symptoms set forth in Social Security Ruling 96-7p").

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). In this case,

5

the Commissioner's argument in defense of the ALJ's decision as a whole was rational, considering that the ALJ provided reasons, substantially grounded in fact, for finding Collier's testimony not credible despite that he "failed to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865; *see generally Purvis v. Barnhart,* No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) ("In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees.  If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.").

In sum, the Commissioner's position as a whole was substantially justified in this case, and as a result, Collier's request for attorney fees will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified.  Therefore, Collier's motion (Docket # 38) and supplemental motion for attorney's fees (Docket # 48) are DENIED. [4]

SO ORDERED.

Enter for March 14, 2008.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge

---

[4] The Court wishes to express, once again, its gratitude to attorney Shull for his representation of the Petitioner, undertaken at the Court's request.  His efforts on behalf of Ms. Collier are in keeping with finest tradition of the legal profession.